IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERIE SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION 05-0210-P-M |
| | : | |
| UNUM LIFE INSURANCE | : | |
| COMPANY OF AMERICA; | : | |
| UNUMPROVIDENT CORPORATION; and | : | |
| UNION PLANTERS CORPORATION, | : | |
| | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant UnumProvident Corporation (hereinafter *UPC*) (Doc. 6) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331 as it is brought pursuant to the provisions of The Employee Retirement Security Act (hereinafter *ERISA*).  29 U.S.C. § 1001, *et seq.*  After consideration, it is recommended that Defendant's motion be denied.

When the Court considers a motion to dismiss, the non-moving party's allegations are accepted as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A complaint may be dismissed, however, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).  "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low."  *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983).

    The facts are, briefly, as follows.  Plaintiff Sherie Smith began working for Defendant Union Planters Corporation (hereinafter *Planters*) as a loan officer in October 2003 (Doc. 1, Complaint ¶ 14).  As an employee, Plaintiff secured life insurance benefits for herself and her husband (*id.* at ¶¶ 15-18).  Smith's husband died July 3, 2004 (*id.* at ¶ 24).  Plaintiff submitted a death certificate and a claim for benefits to UPC, but was denied coverage (*id.* at ¶¶ 25-28).  Smith appealed the decision, but was again denied (*id.* at ¶ 29).  Plaintiff brought this action on April 7, 2005, raising the claims that spousal benefits had been improperly withheld from her by Defendants UPC and Unum Life Insurance Company of

2

America (hereinafter *Unum Life*) and that Defendant Planters violated its fiduciary duty by misrepresentation (*id.* at ¶¶ 35-40).

On May 3, 2005, UPC filed a Motion to Dismiss, asserting that although it is the parent company of Unum Life, the two corporations are separate companies with different boards and books (Doc. 6, ¶¶ 1-3, 5).  UPC asserts that it has no connection to the insurance policy which is the subject of this action and that it should, therefore, be dismissed (*id.* at ¶¶ 6-7).

Plaintiff has responded to UPC's Motion and appended a contract in which Unum Life gives UPC administrative duties, including comprehensive claims management services (Doc. 13, Exhibit A, ¶ 1.1 and Appendix ¶ B(4)).  A specific, listed duty includes "determin(ing) if claims are payable" (*id.* at Appendix ¶ B(4)).  Smith argues that UPC has assumed a fiduciary status as defined by ERISA in 29 U.S.C. § 1002(21).[1]

After reviewing the evidence of record, the Court finds

---

[1] "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."  29 U.S.C. § 2001(21).

Plaintiff's argument that UPC has assumed a fiduciary role with regard to her spousal benefits to be persuasive based on the record before the Court at this time.  Therefore, it is recommended that Defendant UPC's Motion to Dismiss be denied (Doc. 6).

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of

>  the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   DONE this 9th day of June, 2005.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE